IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-M-1198

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JASON DOUGLAS BUTNER, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the government's motion for leave to destroy certain "evidence" (DE #5). For the reasons stated below, the motion will be denied without prejudice.

On 29 November 2005, defendant had an initial appearance in this court after his arrest on a warrant from the Eastern District of Virginia based on violation of his supervised release. (*See* DE #1; *see also United States v. Butner*, 4:04-CR-46-JBF-JEB, docket entry dated 28 Sept. 2005). At this proceeding, defendant was appointed counsel (DE #2), waived his identity hearing (DE #3), and was committed to the Eastern District of Virginia (DE #4).

On 26 September 2008, the government filed the instant motion seeking leave to destroy certain evidence. Specifically, the government states that during a consent search of defendant's residence (located within this district) following his November 2005 arrest the United States Marshal's Service recovered the following items: a 9 mm DMW pistol (serial no. 91272) with a magazine; a Motorola cell phone; fifty rounds of Magtech .40 S&W caliber ammunition; twenty-three rounds of Remington .45 ACP caliber ammunition; fifty rounds of PMC .45 caliber ammunition; a black .45 caliber magazine; a black cloth toboggan; and a blue cloth bandana (collectively "subject property"). (Govt.'s Mot., p. 1). The Eastern District of Virginia was notified of the recovery of the subject evidence, and no request for its production was made. (*Id.*, p. 2 ¶ 4).

The government's motion suffers from two deficiencies. First, the government has not stated the facts or legal authorities upon which it bases its request that the subject property be destroyed. The government has not demonstrated that it has the right to destroy the subject property. Although the government characterizes the property as "evidence," it has not explained the basis for this characterization.

Second, the government has not demonstrated that it has served its motion on defendant or otherwise given him notice of it. The electronic receipt for the motion indicates that it was electronically mailed to two government attorneys, and the motion is not referenced on the docket sheet in the Virginia case. *See United States v. Goodman*, 34 Fed. Appx. 137, 137 (4th Cir. 2002) (holding that service of a motion to destroy evidence on defendant's former counsel was insufficient notice considering defendant was in custody and his whereabouts known); *see also* Fed. R. Crim. P. 41(g) (allowing "[a] person aggrieved by an unlawful search and seizure of property . . . [to] move for the property's return").

The motion is accordingly DENIED. The government has leave to refile a motion seeking the same relief that addresses the deficiencies noted in this order.

SO ORDERED, this 14th day of October, 2008.

James E. Gates
United States Magistrate Judge